CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MAURO SUAREZ,                                                  :     Case No. 17-CV-6113
                                                               :
                            Plaintiff,                         :     **FLSA COMPLAINT**
                                                               :
        -against-                                              :
                                                               :
MCQUILLING LP d/b/a MCQ HOLDINGS LLC,                          :     **Jury Trial**
MARK SANOR, and ANGELOS MEIMETEAS,                             :     **Demanded**
                                                               :
                            Defendants.                        :
-------------------------------------------------------------------------X

Plaintiff MAURO (a/k/a "MARK") SUAREZ (hereinafter, "Plaintiff"), by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants MCQUILLING LP d/b/a MCQ HOLDINGS LLC, ("MCQ HOLDINGS"), MARK SANOR, and ANGELOS MEIMETEAS (collectively referred to herein as "Defendants"), and states as follows:

## INTRODUCTION

1.  Plaintiff alleges that, pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA"), he is entitled to recover from Defendants: (a) unpaid minimum/straight time wages, (b) liquidated damages, (c) prejudgment and post-judgment interest, and (d) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid straight time wages, (c) unpaid contractually agreed-upon wages, (d) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

3. Plaintiff further alleges that, pursuant to New York common law, he is entitled to recover from Defendants compensatory damages in the form of unpaid wages for Defendants' breach of contract.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

6. Plaintiff is a resident of New York County, New York.

7. Defendant, MCQ HOLDINGS, is a foreign limited partnership organized under the laws of the State of Delaware, with a principal place of business at 1035 Stewart Avenue, Garden City, New York 11530.

8. Defendant, MCQ HOLDINGS, also has offices at 575 Lexington Avenue, New York, New York 10022.

9. Defendant, MCQ HOLDINGS, is authorized to, and does engaged in a substantial amount of business within the State of New York.

10. Defendant, MCQ HOLDINGS, is part of the largest U.S.-based marine services company that provides global services to clients in the shipping, commodity, and financial services industries.

11. Defendant, MCQ HOLDINGS, offers unique access to capital and investment opportunities by leveraging strategic partners in public and private markets. MCQ HOLDINGS' primary objective is to raise capital on behalf of their clients through the placement of securities through their network of investors.

12. At all relevant times, defendants MARK SANOR and ANGELOS MEIMETEAS have been the managing partners of MCQ HOLDINGS. Defendants MARK SANOR and ANGELOS MEIMETEAS actively participate in the day-to-day operations of MCQ HOLDINGS and acted intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and are jointly and severally liable with MCQ HOLDINGS.

13. Defendants MARK SANOR and ANGELOS MEIMETEAS exercised control over the terms and conditions of Plaintiff's employment, in that they have the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

14. Defendants MARK SANOR and ANGELOS MEIMETEAS actively supervise and direct the work of the employees, and mandate that all issues concerning the employees' employment be authorized and approved by them.

15. Upon information and belief, at all times relevant to the allegations in this Complaint, MCQ HOLDINGS was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has had an annual gross volume of sales of not less than $500,000.

16. Defendants continuously employed Plaintiff to work as a Senior Advisor of Transportation from on or about November 23, 2015 until on or about March 1, 2017.

17. The work performed by Plaintiff was directly essential to the business operated by Defendants.

18. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum/straight time wages in direct contravention of the FLSA and New York Labor Law.

19. Defendants knowingly and willfully breached the contract entered into between the parties when they failed to pay Plaintiff all of the agreed-upon salary and wages that Plaintiff was entitled to for hours worked.

20. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

21. Defendants MARK SANOR and ANGELOS MEIMETEAS actively participate in the day-to-day operation of MCQ HOLDINGS. For instance, defendants MARK SANOR and ANGELOS MEIMETEAS and are not only considered the partners and superiors, they personally work alongside the employees, and supervise and direct the work of the employees.

22. In addition, defendants MARK SANOR and ANGELOS MEIMETEAS jointly create and approve all crucial business policy, including decisions as to the hours worked by the employees, the pay the employees are to receive, and the manner in which the employees are paid.

23. On or about November 23, 2015, Defendants hired Plaintiff to work as a Senior Advisor of Transportation for Defendants' investment banking business.

24. Plaintiff performed the vast majority of his work in Manhattan.

25. Plaintiff's duties and responsibilities included, but were not necessarily limited to: (a) generating opportunities to raise capital through communication and building direct relationships with transportation/shipping/truck owners who seek to raise capital for various business ventures; (b) advising clients on investment opportunity by preparing extensive marketing presentations with financial modes detailing the investment opportunity and anticipated financial returns; and (c) assisting in the placement of securities on behalf of the client through Defendants' network of investors.

26. Shortly after hiring Plaintiff in November 2015, Defendants required that Plaintiff cease working for, or refuse to undertake to perform work for, third-party

investment bankers and to devote his attention full time to Defendants and Defendants' clients.

27. Plaintiff continuously worked for Defendants until on or about March 1, 2017.

28. Throughout the course of his employment, Plaintiff worked five (5) days per week, and he typically worked fifty (50) hours per week.

29. Upon hiring Plaintiff in November 2015, Plaintiff and Defendants entered into a written contract, whereby it was established that Plaintiff's wages would consist of an annual base salary of $132,000.00, plus commissions. Plaintiff's base salary was to be paid in the amount of $11,000.00 per month (paid on a bi-weekly basis of $5,500.00) for each month that Plaintiff performed work for Defendants (hereinafter, the "Contract").

30. Shortly after Plaintiff's commencement of employment, it became apparent that Defendants had no intention of abiding by the terms of the Contract. In contrast to the Contract's terms, Defendants utterly failed and refused to pay Plaintiff his agreed upon base salary after May 18, 2016.

31. Between May 19, 2016 and the remainder of Plaintiff's employment on March 1, 2017, Defendants failed to pay Plaintiff any wages whatsoever.

32. On numerous occasions, Plaintiff inquired as to the whereabouts of his wages, each time being promised by Defendants that all outstanding arrears would be paid upon the conclusion of various pending deals or transactions.

33. Plaintiff, taking Defendants at their word, continued to perform work for Defendants between May 19, 2016 and March 1, 2017 based on the good-faith belief that Defendants would pay him his wages in accordance with the Contract.

34. Despite those promises, Defendants have failed and refused to pay Plaintiff his wages in accordance with the Contract.

35. At a minimum, Defendants have unlawfully failed to pay Plaintiff minimum/straight time wages for hours performed between May 19, 2016 and March 1, 2017.

36. In reality, Defendants were obligated to pay Plaintiff in accordance with the terms of the Contract at the rate of $2,750.00 per week between May 19, 2016 and March 1, 2017, but have failed to do so.

37. Between May 19, 2016 and March 1, 2017, Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff either the FLSA minimum wage or the New York State minimum wage, in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

38. Between May 19, 2016 and March 1, 2017, Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff straight time wages, in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

39. Between May 19, 2016 and March 1, 2017, Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff all contractually agreed-upon wages, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations, and in violation of New York contract law.

40. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient time and pay records.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

41. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "40" of this Complaint as if fully set forth herein.

42. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

43. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

44. At all relevant times, MCQ HOLDINGS had gross revenues in excess of $500,000.

45. Plaintiff worked hours for which he was not paid the statutory minimum wage.

46. Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff.

47. Defendants failed to pay Plaintiff minimum wages in the lawful amount for hours worked.

48. Plaintiff worked hours for which he was not paid any straight time compensation.

49. Defendants had, and continue to have, a policy and practice of refusing to pay straight time wages to Plaintiff for hours worked.

50. Defendants failed to pay Plaintiff straight time wages in the lawful amount for hours worked.

51. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage when they knew or should have known such was due and that non-payment of minimum wages would financially injure Plaintiff.

52. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff any straight time wages when they knew or should have known such was due and that non-payment of straight time wages would financially injure Plaintiff.

53. As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

54. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

55. Due to the reckless, willful and unlawful acts of Defendants, Plaintiff and suffered damages in an amount not presently ascertainable of unpaid minimum and/or

straight time wages, an equal amount as liquidated damages, and prejudgment interest thereon.

56. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

57. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "56" of this Complaint as if fully set forth herein.

58. Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

59. Defendants were Plaintiff's employer within the meaning of New York Labor Law § 190(3).

60. Pursuant to § 190(1) of the New York Labor Law, the unpaid salary constitute "wages" due Plaintiff.

61. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff all of his wages for hours worked in violation of New York Labor Law §§ 190 et seq.

62. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay him minimum wages in the lawful amount for hours worked.

63. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay him straight time wages for hours worked.

64. Under the New York Labor Law, "workers shall be paid the wages earned in accordance with the agreed terms of employment." New York Labor Law § 191(d).

65. Moreover, the New York Labor Law mandates that an employee is entitled to recover the full amount of wages owed, not just the statutory minimum wage for hours worked. New York Labor Law § 198(3).

66. Thus, with respect to unpaid straight time wages, the New York Labor Law allows employees to recover all unpaid wages, including agreed-upon wages above the minimum wage rate.

67. The New York Labor Law provides for a claim of unpaid straight time wages at a rate higher than the minimum wage if the parties previously agreed to the higher rate.

68. Under the New York Labor Law, Plaintiff is entitled to recover all of his agreed-upon wages that have gone unpaid between May 19, 2016 and March 1, 2017 even though the rate is substantially higher than the minimum wage.

69. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff his agreed-upon wages for hours worked between May 19, 2016 and March 1, 2017.

70. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of New York State Department of Labor Regulations § 142-2.6.

71. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid straight time wages, unpaid contractually agreed-upon wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

...

72. Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law §§ 663(1) and 198(1-a), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## COUNT III
### [Breach of Contract]

73. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "72" of this Complaint as if fully set forth herein.

74. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction of any state law claims that arose out of the same transactions or controversies pleaded in Plaintiff's main claims that they form part of the same case or controversy.

75. A New York state common law claim of breach of contract prohibits any party to the contract to breach its agreed upon duties and obligations to the disadvantage of the other contracting party.

76. As previously alleged, Plaintiff and Defendants entered into the Contract, which set forth the terms of Plaintiff's employment and Defendants' pay obligations for work performed by Plaintiff.

77. Plaintiff performed his obligations under the terms of the aforementioned Contract between November 23, 2015 and March 1, 2017.

78. Defendants breached the terms of the Contract by failing to pay Plaintiff in accordance with the terms thereof between May 19, 2016 and March 1, 2017.

79. Defendants' breach of each of the Contract directly and proximately caused damage to Plaintiff.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff MAURO SUAREZ respectfully requests that this Court grant the following relief:

(a) An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b) An award of unpaid straight time wages due under the FLSA and New York Labor Law;

(c) An award of unpaid contractually agreed-upon wages due under the New York Labor Law

(d) An award of liquidated damages as a result of Defendants' failure to pay minimum wages and straight time wages pursuant to 29 U.S.C. § 216;

(e) An award of liquidated damages as a result of Defendants' failure to pay minimum wages, straight time wages, and contractually agreed-upon wages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(f) An award of compensatory damages for Defendants' breach of contract;

(g) An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

(h) An award of prejudgment and post-judgment interest;

(i) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(j) Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
       August 14, 2017

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102

By: _____
    Giustino (Justin) Cilenti (GC2321)